Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| PUERTO RICO CLINICAL REFERENCE LABORATORY, LLC<br><br>Recurrente<br><br>v.<br><br>LABORATORIO TERESITA LLC<br><br>Recurrido | TA2025RA00361 | REVISIÓN JUDICIAL procedente del Departamento de Salud, División de Vistas Administrativas<br><br>Querella núm.: Q-25-06-010 (CVT)<br><br>Sobre: Incumplimiento con la Ley y la Reglamentación |
|---|---|---|

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 11 de diciembre de 2025.

Comparece ante este tribunal apelativo, PR Clinical Reference Laboratory, Inc. (PR Clinical o parte recurrente) mediante el *Recurso de Revisión* de epígrafe solicitándonos que revoquemos la *Resolución Interlocutoria Enmendada* emitida por el Departamento de Salud (Departamento) el 8 de octubre de 2025, notificada el mismo día. En el referido dictamen, el ente gubernamental denegó la expedición de un *Remedio Provisional* solicitado por la parte recurrente.

Por los fundamentos que exponemos a continuación, desestimamos el recurso de epígrafe por falta de jurisdicción.

### I.

El 17 de junio de 2025, PR Clinical radicó una *Querella* ante la División de Vistas Administrativas del Departamento de Salud, en contra del Laboratorio Teresita, LLC. (Laboratorio Teresita o parte recurrida). Mediante esta, PR Clinical adujo que la parte recurrida obtuvo ilegalmente, mediante engaño, información falsa, incorrecta e incompleta, su certificado de necesidad y conveniencia (CNC)

expedido por el Departamento. En consecuencia, solicitó paralizar "agresivamente" las actividades de la querellada, que se revocara el CNC y se le impusieran severas multas.[1]

Luego de varias incidencias procesales, innecesarias pormenorizar, el 5 de septiembre de 2025, la parte recurrente solicitó a la agencia una resolución u orden sobre solicitud de remedio provisional. Según adujo en su petitorio, en la vista del 19 de agosto, la Oficial Examinadora expresó que no emitiría remedio provisional; a pesar de que de la querella surgía la solicitud de varias solicitudes de esta naturaleza. Por tanto, peticionó que se estableciera la determinación por escrito para poder recurrir de la misma.[2]

El foro administrativo citó a las partes, el 25 de septiembre de 2025, para una vista argumentativa sobre la solicitud de remedio provisional. Celebrada la misma, mediante la *Resolución Interlocutoria Enmendada* recurrida del 8 de octubre de 2025, la agencia denegó el remedio provisional.[3]

Inconforme con su determinación, el 17 de octubre de 2025, la parte recurrente solicitó la reconsideración, la cual fue declarada *No Ha Lugar* por el Departamento el 21 de octubre siguiente.[4]

Aun en desacuerdo, PR Clinical acude ante este foro intermedio imputándole a la agencia haber cometido los siguientes errores:

> ERRÓ LA OFICIAL EXAMINADORA AL DETERMINAR QUE EL LABORATORIO TERESITA, LLC PUEDE ANUNCIAR UNA "PRONTA APERTURA" DE UN LABORATORIO CLÍNICO EN UNA LOCALIDAD PARA LA CUAL NO POSEE UN CNC PARA OPERAR EMITIDO POR EL DEPARTAMENTO DE SALUD.
> ERRÓ LA OFICIAL EXAMINADORA AL DETERMINAR QUE EL LABORATORIO TERESITA, LLC PUEDE ANUNCIARSE COMO LABORATORIO CLÍNICO QUE "OFRECEMOS SERVICIOS AL HOGAR!" EN UNA LOCALIDAD PARA LA CUAL NO POSEE UN CNC PARA

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), Entrada núm. 1, Apéndice núm. 1.
[2] SUMAC TA, Entrada núm. 1, Apéndice núm. 4, a las págs. 12-14.
[3] SUMAC TA, Entrada núm. 1, Apéndice núm.5, a las págs. 12-14.
[4] *Íd.*, a la págs. 16-17.

OPERAR EMITIDO POR EL DEPARTAMENTO DE SALUD.

Examinados el recurso y el expediente apelativo, y acorde con la determinación arribada, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

## II.

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque, de carecer de jurisdicción para atenderlo, lo único que corresponde hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia, sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

De otro lado, un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro es aquel presentado en la

secretaría de un tribunal <u>antes de que el asunto esté listo para su</u> <u>adjudicación</u>. De tal forma, un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción y tiene que ser desestimado. *Padilla Falú v. A.V.P.*, 155 DPR 183, 192 (2001); *Rodríguez v. Zegarra*, 150 DPR 649, 654 (2000). Su presentación carece de falta de eficacia y no produce ningún efecto jurídico, pues en el momento de su presentación un foro apelativo no tiene autoridad judicial para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. *Juliá et al v. Epifanio Vidal, S. E.*, 153 DPR 357, 366 (2001).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, *supra*, a la pág. 115, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
>
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (…)
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

Por otro lado, la función rectora de la revisión judicial "es asegurarse de que las agencias actúan dentro del marco del poder delegado y consistentes con la política legislativa". *Pagán Santiago, et al v. ASR*, 185 DPR 341, 258 (2012). En ese sentido, el Tribunal de Apelaciones **posee competencia para atender, mediante el recurso de revisión judicial, la revisión de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas.** Artículo 4.006 inciso (c) de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, Ley núm. 201-2003, según enmendada, 4 LPRA sec. 24y. Por último, destacamos que de igual manera dispone la Regla 56 del Reglamento del Tribunal de Apelaciones, *supra*, a la pág. 79.

Asimismo, la Sección 4.2 de la Ley núm. 38-2017, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), 3 LPRA sec. 9672, dispone:

"Una parte adversamente afectada por una orden o **resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...]." [Énfasis nuestro]

En consecuencia, la decisión, resolución o dictamen de la agencia administrativa **debe ser final** para ser revisable ante esta *Curia.* "La Asamblea Legislativa limitó la revisión judicial exclusivamente a las órdenes finales de las agencias. Al así hacerlo, se aseguró de que la intervención judicial se realizará después de que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes ante la agencia. La intención legislativa consistió en evitar una intromisión indebida y a destiempo en el trámite administrativo por parte de los tribunales." *Comisionado de Seguros v. Universal,* 167 DPR 21 (2006). En ese sentido, y en lo aquí pertinente, la Sección 4.2 de la LPAU, *supra,* especifica claramente que "[u]na orden o resolución interlocutoria de una agencia, incluyendo aquellas que se emitan en procesos que se desarrollen por etapas, **no serán revisables directamente**. La disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia." *Asoc. Condómines v. Meadows Dev.,* 190 DPR 843, 847 (2014).

**III.**

En el caso ante nuestra consideración, PR Clinical acude ante esta *Curia* para que revisemos una determinación que resuelve en

su contra la solicitud de un remedio provisional instado ante el foro administrativo, en el que peticionó que la parte recurrida retire un rótulo de publicidad que instaló en un local cerca de su negocio. Según surge de la Regla 29 del Reglamento 9231 del 29 de octubre de 2021, *Reglamento de Procedimientos Adjudicativos y de Reglamentación en el Departamento de Salud*; así como de la determinación recurrida, **las decisiones sobre remedios provisionales son, a todas luces, resoluciones interlocutorias**.

Aun cuando la parte recurrente intenta persuadirnos de que la *Resolución Interlocutoria Enmendada* impugnada es una final por las determinaciones de hechos allí esbozadas, lo cierto es que esta determinación no dispone del caso de autos, ni resuelve la controversial real y definitiva expuesta en la querella. Más bien, y como establece el Reglamento 9231, se trata de una resolución interlocutoria que no es susceptible de revisión judicial en esta etapa de los procedimientos.

Recordemos que la disposición interlocutoria de la agencia podrá ser objeto de un señalamiento de error en el recurso de revisión de la orden o resolución final de la agencia. *Asoc. Condómines v. Meadows Dev.*, supra. Ello, toda vez que, en nuestro ordenamiento jurídico solo están sujetas a revisión judicial, ante este foro apelativo, las órdenes o **resoluciones finales** de las agencias. Secs. 4.2 y 4.6 de la LPAU, *supra*; Artículo 4.002 de la Ley de la Judicatura, *supra;* y la Regla 56 del Reglamento del Tribunal de Apelaciones*, supra.* Como indicamos, para que una orden o resolución sea **final**, esta debe resolver las controversias ante su consideración adjudicando los derechos u obligaciones de una o más personas específicas.

Por su parte, se hace menester advertir que, antes de acudir ante este foro intermedio, la parte recurrente debe cumplir con los dos (2) requisitos establecidos en nuestro sistema de derecho para

que pudiese solicitar la revisión judicial. Estos son: (1) que la resolución sea **final y no interlocutoria;** y (2) haber agotado los remedios provistos por la agencia. La parte recurrente no cumple con ninguno de estos requisitos. Por ende, hasta que la agencia emita una determinación final en el caso y PR Clinical agote todos los remedios administrativos a su disposición, entonces estará facultado para solicitar la revisión judicial.

Como consecuencia, la comparecencia prematura de PR Clinical y, a tenor con las doctrinas jurisdiccionales aquí esbozadas, estamos obligados a declararnos sin jurisdicción y desestimar el recurso presentado.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de revisión judicial ante la falta de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones